MAX SHILMAN, Appellant, v. LIZZA SHILMAN, Respondent.

*Husband and wife — divorce — adultery — connivance.*

Appeal from a judgment of the Supreme Court, entered in the Bronx county clerk's office January 11, 1919, upon a decision dismissing the complaint upon the merits.

Judgment affirmed. No opinion. Present — Clarke, P. J., Laughlin, Dowling, Page and Merrell, JJ.; Clarke, P. J., dissented.

Clarke, P. J. (dissenting): This is an action for divorce. The learned Special Term has found that on the 15th day of May, 1903, in the city of Odessa, Russia, the plaintiff was married to the defendant; that the plaintiff is and at all times hereinafter mentioned was a resident of the State of New York, and was such at the time of the commission of the acts of adultery hereinafter mentioned; that between the 1st day of January, 1911, and the 1st day of May, 1913, the defendant in the city of Odessa, Russia, lived with a man by the name of Breitbart, and the defendant lived with the said Breitbart as husband and wife during the aforesaid period; that five years have not elapsed since the plaintiff discovered the fact of such adultery and that the plaintiff has not cohabited with the defendant since the discovery of such adultery, and that no divorce has been rendered in favor of the plaintiff against the defendant, or in favor of the defendant against the plaintiff in any court of this or any other State, territory or foreign country. But he also found that the adultery so committed was committed by the procurement or with the connivance of the plaintiff. That finding was based upon the following evidence of the plaintiff: " Q. When was the last time you saw your wife? A. 1910 in January. Q. At that time she left this country and went to Odessa, Russia? A. Yes. Q. What happened just before she left this country? A. She told me she wanted a divorce. I go to a rabbi and give her a divorce and she went to Odessa. Q. You gave her what is known as a get, a Hebrew divorce? A. Yes. Q. Then she left for Russia? A. Yes. Q. You have never seen her since then? A. No." Of course the law does not recognize the so-called "get" or Hebrew divorce, but it does not seem to me that the consent of these ignorant people in going through this sort of a procedure can be held either as matter of fact or in law as constituting *per se* the connivance or procurement which the law brands as a bar to the legal remedy of a divorce on account of a subsequent adultery. If one spouse obtained a legal separation from the other I do not think that any one would hold that either was debarred from instituting an action for divorce based upon a subsequent adultery. If instead of a legal judgment of separation they had voluntarily separated and lived apart, with or without a contract in writing, I do not think under those circumstances such a separation would be a bar to an action for divorce for a subsequently committed adultery upon the ground of connivance or procurement. So far as appears by this record the husband and wife merely separated by consent and she went back to Russia. I am at a loss to find any basis for the proposition that thereby the plaintiff contemplated that his wife would commit adultery and certainly not that he connived at or procured such act. It seems to me that the statute* denying the aid of the court in an action for divorce contemplates evil intent and active participation in bringing about the defilement of the spouse and that mere voluntary separation is not sufficient. The judgment appealed from should be reversed and a new trial ordered.

* Code Civ. Proc. § 1758, subd. 1.— REP.